# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| JOHN LEVIE, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 1: 11-CV-26 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on February 14, 2011, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401

(1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits in August 2007 and April 2008 respectively, alleging disability since February 2007 due to depression, attention deficit disorder, anxiety, paranoia, and memory impairment. (T- 40). His claims were denied initially and upon reconsideration. (T – 56-59, 62-65). A hearing was held before an ALJ in Albany, Georgia on August 7, 2009. (T- 30-53). Thereafter, in a hearing decision dated September 2, 2009, the ALJ determined that the Plaintiff was not disabled. (T-14-29). The

Appeals Council denied review on December 15, 2010, making the September 2009 decision the final decision of the Commissioner.   (T-1-5).

*Statement of Facts and Evidence*

The Plaintiff was forty-eight (48) years of age at the time of the ALJ's decision.   (T- 19).   He graduated from college with a bachelor's degree in business administration and has past relevant work experience as an electronics technician, carpenter, network control operator, and yard worker.   (T-49).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of depression/anxiety, a personality disorder, and a history of head injury.   (T- 20).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with certain restrictions.   (T- 20-21).   After receiving vocational expert testimony, the ALJ concluded that the Plaintiff could return to his past relevant work as a yard worker and was thus not disabled.   (T - 29).

## DISCUSSION

The Plaintiff asserts that the ALJ failed to properly characterize his past relevant work, failed to properly evaluate his residual functional capacity, and disregarded vocational limitations.

*Past relevant work*

Initially, the Plaintiff asserts that the ALJ improperly characterized his past relevant work as "Yard Worker", when in fact, as performed by the Plaintiff, the work involved additional duties of purchasing, repairing and maintaining equipment as well as accounting and tax filing.

"The claimant bears the burden of demonstrating that he cannot return to his past relevant work. If the ALJ finds that the claimant cannot perform the functional demands and duties of his past job as he actually performed it, he will consider whether the claimant can perform the functional demands

3

and duties of the occupation as generally required by employers throughout the national economy. The claimant's specific prior job might have involved functional demands and duties significantly in excess of those generally required for such work by employers in the national economy. Accordingly, the claimant must demonstrate an inability to return to his previous kind of work, not simply an inability to perform a specific prior job." *Adamo v. Comm'r. of Social Security*, 365 Fed.Appx. 209, 213 (11th Cir. 2010)(internal citations omitted).

    Herein, the ALJ found that:

> In response to what kept him from doing landscaping work now, the claimant stated that it was too expensive to buy the needed equipment. When asked why he could not do landscaping work for someone else, the claimant stated that he could not work all day because he got mentally bored and needed to change what he was doing frequently. Also, he indicated that when he got an anxiety attack, he needed to go home and relax.

(T – 27).

    Prior to determining Plaintiff's ability to perform the job of yard worker, the Vocational Expert asked the Plaintiff the details of his involvement with landscaping, and the Plaintiff responded:

> CLMT:   I have no creative ability whatsoever so I just mowed grass.
>
> VE:   Just mowed grass, okay.   Any workers with you?
>
> CLMT:   No.   I had one for about a week and it did not work out.
>
> VE:   Okay.   Pretty much classify it as a yard worker . . .

(T – 49).

The ALJ then asked the Vocational Expert to:

> ALJ: . . .   assume there are no exertional limitations and that this individual is limited to simple one to three step work not dealing with the general public.   With those limitations, would that allow the performance of any of his past work?

4

> A: Well, the only simple job he had in the past was that of a yard man and he was working more with individuals than the general public in my opinion which would be total strangers. He did have business [sic]. I believe that job could be performed, that of a yard worker.

(T – 49-50).

Plaintiff, who bears the burden of establishing that he can no longer perform his past relevant work as that kind of work is generally performed in the national economy, has not established that he could not perform the general job of yard worker, as set out in the Vocational Expert's testimony and the ALJ's findings. The ALJ and Vocational Expert obtained detailed information from the Plaintiff regarding his past work as a yard worker, and properly found that the Plaintiff could return to such kind of job as it is generally performed. Plaintiff has failed to show that the type of work at issue requires a person to perform the additional duties performed by the Plaintiff as owner/operator of his business. *See Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (claimant must show that he cannot perform previous work, not simply prior job, and claimant failed to show that he could not perform prior work in general).

### *Residual functional capacity*

Plaintiff further maintains that the ALJ erred in finding Plaintiff suffered moderate impairment in concentration, persistence or pace, but only limited him to "simple, 1 to 3-step work" in his ultimate finding on Plaintiff's residual functional capacity. Plaintiff relies on the Eleventh Circuit's opinion in *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176 (11th Cir. 2011) to support his position that "[w]hen an ALJ finds a claimant has 'moderate' limitations in concentration, persistence, and pace, the ALJ must account for those limitations in his RFC finding." (Plaintiff's Brief, Doc. 10, p. 16).

*Winschel*'s holding pertained to whether the ALJ's hypotheticals to the Vocational Expert adequately incorporated all of the claimant's limitations. *Winschel*, 631 F.3d at 1181 ("[T]he ALJ

should have explicitly included the limitation[on plaintiff's concentration, persistence and pace] in his hypothetical question to the vocational expert"; limitations as to simple, routine tasks or to unskilled work would not, standing alone, typically be sufficient to account for limitations of concentration, persistence and pace in the hypothetical).  However, the *Winschel* court also found that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."  *Id.* at 1180.

To the extent that the *Winschel* case can be construed to extend beyond the specific issue of whether hypotheticals to the Vocational Expert adequately account for a claimant's limitations, the ALJ herein properly found that the Plaintiff could perform simple work despite limitations in his concentration, persistence, and pace.  (T – 20-22).  The ALJ specifically found, based on an examination of the medical record, "that the record shows that the claimant is not as limited as he has alleged, and in fact, he has responded well to treatment and is able to perform simple work with no exertional limitations".  (T – 22).  Limiting the Plaintiff to simple 1 to 3-step work adequately accounted for Plaintiff's limitations that were supported by the medical and testimonial evidence of record.

*Vocational limitations*

Finally, the Plaintiff asserts that the ALJ erred in disregarding his difficulties in working with peers and supervisors and in finding that the only social limitation the Plaintiff suffered was his inability to deal with the general public.  The Commissioner maintains that the ALJ properly accounted for all of Plaintiff's evidenced limitations, and that the evidence does not support a finding that the Plaintiff suffers limitations in the form of an inability to work with peers and supervisors.

A review of the record and the ALJ's decision reveals that the ALJ's decision in this regard is

supported by substantial evidence.  Neither the Plaintiff's testimony nor the medical evidence supports a finding that the Plaintiff was limited as a result of his impairments in dealing with peers and supervisors.  Plaintiff testified to an inability to "be around people", yet his daily activities included shopping, attending church and family functions and attending to chores in public settings. (T – 41-42, 131, 136, 138-39, 150, 153, 168).   Plaintiff further testified that he did not like to be around "more than a couple of people" at the time.  (T – 210).  Medical records before the ALJ show that Plaintiff's depression and concentration improved with medication, and do not reveal any significant limitations issued by physicians on Plaintiff's ability to work.

To the contrary, the record is replete with evidence that Plaintiff's termination from jobs was not related to his impairments, showing that the Plaintiff stated he could not keep a job because he did not "have any tact", that he "couldn't stand the work or the people", and did not get along with supervisors and coworkers because he "preferred to do the job [his] own way" and he "felt [he] knew more than the others". (T – 212, 169-70).  Plaintiff testified that he was fired from a disaster relief organization because he "left too many messes behind"; he worked as a computer service technician until he was terminated for alleged "inappropriate contact with a female"; and he worked for a computer company until fired for "a mistake on a security".  (T – 37-39).  Plaintiff also provided "boredom" as a reason for being unable to work.  (T – 36, 43).

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 25th day of January, 2012.

S/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb