**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| JOHN LEVIE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   CASE NO.: 1:11-CV-26 (WLS) |
| | : |
| MICHAEL J. ASTRUE, *Commissioner of* | : |
| *Social Security*, | : |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed January 25, 2012. (Doc. 14). It is recommended that the Social Security Commissioner's final decision be affirmed. (*Id.* at 7). Plaintiff timely filed an Objection, which challenges the Recommendation for mischaracterizing past work, failure to account for Plaintiff's limitations in the RFC finding, and disregarding vocational limitations. (Doc. 14 at 1, 3, 5). On these grounds, Plaintiff requests that the Court reverse and award benefits. (*Id.* at 9).

**DISCUSSION**

**I.     Standard of Review for Social Security Appeals**

"[T]he federal courts' 'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.'" Powell v. Astrue, 250 Fed. App'x 960, 962 (11th Cir. 2007) (quoting Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002)). This is a "highly deferential standard of review." Id. at 963. The Court is forbidden from reweighing the evidence or

1

substituting its judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." Caldwell v. Barnhart, 261 Fed. App'x 188, 190 (11th Cir. 2008) (citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995)); *see also* Dyer, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)) "[T]he ALJ's decision [simply] . . . [can]not [be] a broad rejection[,] which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'"). Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of each of Plaintiff's objections on which he bases his request for the Court's reversal of the Commissioner's decision and award of benefits.

**II.     Plaintiff's Objections**

    **a.  Objection 1: ALJ improperly mischaracterized Plaintiff's past relevant work**

Plaintiff asserts that the Magistrate Judge erroneously approved the ALJ's characterization of Plaintiff's past relevant work as "yard worker." (Doc. 14 at 3). Plaintiff argues that the correct description of his past work was "owner of lawn care business," which includes purchasing, repairing, and maintaining equipment as well as accounting and tax filing. (*Id.*)  Plaintiff also argues that because his past relevant work was not "yard worker," the ALJ erred in his analysis of Plaintiff's claim, as "yard worker" should have been considered "other

2

work" and analyzed as part of the inquiry that determines whether the individual's impairments prevents "other work." (*Id.*)

The Court notes from the outset that it is the claimant that bears the burden of showing that his work experience is not past relevant work. <u>Barnes v. Sullivan</u>, 932 F.2d 1356, 1359 (11th Cir. 1991). Moreover, Plaintiff must show that she is unable to do the previous type of work she performed, not merely the specific job that she held. <u>Adamo v. Comm'r of Soc. Sec.</u>, 365 Fed. Appx. 209, 213 (11th Cir. 2010).

As the Magistrate Judge noted, the ALJ and Vocational Expert made specific findings as to what duties Plaintiff performed in his past work experience. In the administrative hearing, the ALJ established that Plaintiff had worked for three years at what Plaintiff described as "mowing grass, had a little business mowing grass." (Doc. 8-2 at 41). Plaintiff was also questioned by the Vocational Expert regarding the details of Plaintiff's involvement with landscaping. The Plaintiff responded that he "had no creative ability whatsoever so I just mowed grass." (Doc. 14 at 4 (citing T-49)). Plaintiff also stated that he did not hire additional workers aside from a single worker who was released after a week because "it did not work out." (*Id.*) Based on Plaintiff's testimony and answers to the Vocational Expert, the ALJ found that "yard worker" was the appropriate characterization of Plaintiff's past relevant work.

Plaintiff makes the mistake of confusing the type of work he performed with the specific job he held. While he may have had a landscaping business, the record before the Court establishes that the type of work Plaintiff actually performed was yard work. While the Court has considered Plaintiff's argument that he also performed maintenance, repair, and financial and tax duties due to his ownership role, Plaintiff has failed to show that "yard work" requires a claimant to perform those additional duties. <u>Adamo</u>, 365 Fed. Appx. at *3 (claimant did not

3

meet his burden of demonstrating inability to return to previous type of work when additional tasks were performed because he was owner of business). Plaintiff provides no other arguments or evidence that his work experience as a yard worker is not past relevant work. Therefore, the Court will not disturb the ALJ's decision regarding Plaintiff's past relevant work.

Moreover, Plaintiff's argument about yard work being considered "other work" also fails because once the ALJ determined that Plaintiff could return to his prior work, the alternative step five determination was unnecessary. (*See* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.")). As the burden never shifted to the Commissioner at step five of the evaluation process, Plaintiff's arguments concerning what should have been done at step five with respect to considering yard work as "other work" are of no consequence unless he can first show that the ALJ erred in determining that he could return to his prior work. (*See* Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir.1985) (burden shifts to Commissioner to show claimant can perform other work in national economy once ALJ determines that prior work can no longer be performed)). As discussed above and by the Magistrate Judge, Plaintiff has not demonstrated that the ALJ erred in his findings. For these reasons the Court finds no merit in Plaintiff's arguments as stated in his Objection to the Magistrate Judge's Recommendation. (Doc. 15). Plaintiff's objection is **OVERRULED**.

> b. **Objection 2: The ALJ's hypothetical did not take into account Plaintiff's moderate limitations in concentration, persistence, or pace.**

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ's hypothetical to the VE adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. "The ALJ must articulate specific jobs that the claimant is able to perform, and this

4

finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir.2002). One manner of determining this is for the ALJ to ask a Vocational Expert hypothetical questions "to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." Phillips v. Barnhart, 357 F.3d 1232, 1232 (11th Cir. 2004). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. Id. However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180–81 (11th Cir. 2011).

Here, the hearing transcript indicates that the ALJ posed a single hypothetical to the VE. The hypothetical included Plaintiff's social and exertional limitations (or lack thereof) but did not explicitly include Plaintiff's concentration, persistence, and pace limitations. (Doc. 8-2 at 50-51). Therefore, the Court must analyze whether the ALJ either implicitly accounted for the limitations in his question, or whether medical evidence demonstrated that Plaintiff could engage in simple routine tasks despite his limitations. Winschel, 631 F.3d at 1180. Courts have found that an ALJ implicitly accounts for concentration, persistence, and pace limitations when the question asks the VE to incorporate medical testimony or when the ALJ references some aspect of a mental limitation in the question. *Id.* Here, the ALJ did neither, leaving only medical evidence as a possible remedy for the ALJ's failure to explicitly include Plaintiff's limitations.

5

As the Magistrate noted, the ALJ found, through a thorough analysis of Plaintiff's testimony, medical records, and doctors' opinions, that "the record shows that the claimant is not as limited as he alleged, and in fact, he has responded well to treatment and is able to perform simple work with no exertional limitations." (Doc. 14 at 6; Doc. 8-2 at 18-30). The ALJ found that Plaintiff's psychological evaluation demonstrated that "his memory was intact, he was capable of understanding and retaining complex directions, and his concentration and task persistence were sufficient for carrying out detailed instructions and sustaining ordinary routines." (Doc 8-2 at 22 (citing to Ex. 3F)). The Court also notes, as did the Magistrate, that the ALJ found that Plaintiff was capable of driving long distances, reading regularly, and watching television for extended periods of time – all indications that "claimant's reported symptoms and limitations are not supported by the objective evidence…and [he] is able to perform simple work." (*Id*. at 21, 23-24). The Court finds that the medical evidence demonstrates that Plaintiff could engage in simple routine tasks despite his moderate limitations in concentration, persistence, and pace. Therefore, the hypothetical, while not explicitly including Plaintiff's limitations, sufficiently accounted for those limitations. For these reasons, the Court rejects Plaintiff's arguments as stated in his Objection to the ALJ's findings based on the allegedly incomplete hypothetical. Further, the Court agrees with the Magistrate Judge's Recommendation. In sum, Plaintiff's Objection is **OVERRULED**.

  c. **Objection 3: The ALJ erred in finding that Plaintiff had no social limitations except an inability to work with the general public.**

Plaintiff asserts that the Magistrate erred in affirming the ALJ's finding that Plaintiff had no social impairments except that he should not deal with the general public. (Doc. 15 at 5-10). Plaintiff argues that the ALJ ignored Plaintiff's history of repeatedly being fired for "violating

6

social norms," Plaintiff's sister's statement that he "lacks social skills," and the alleged lack of medical evidence supporting the notion that Plaintiff could function with co-workers and supervisors. (Doc. 15 at 6).

In the Recommendation, the Magistrate Judge observes that "[n]either the Plaintiff's testimony nor the medical evidence supports a finding that the Plaintiff was limited as a result of his impairment in dealing with peers and supervisors." (Doc. 14 at 6, 7). Hence, upon review of the medical record and the ALJ's decision, the Magistrate Judge determined that the ALJ's conclusions were supported by substantial evidence. (*See id.* at 7 (discussing specific portions of record reviewed by ALJ)). While Plaintiff argues that his work history demonstrates social impairments, the Magistrate Judge agreed with the ALJ that Plaintiff's work history shows that the terminations were not related to his impairments. (*Id.*) The Magistrate Judge also noted that the medical records before the ALJ did not reveal any significant limitations on Plaintiff's ability to work. (*Id.*)

Plaintiff's objection entreats the Court to reweigh the AJL's credibility determinations and use its judgment in substitution of the ALJ's judgment. (*See generally* Doc. 14 at 5-10). Plaintiff asserts that the evidence preponderates against the ALJ's findings. (*See generally id.*). This, however, does not comport with the Court's deferential standard of review. The ALJ's determinations are clearly articulated and supported by substantial evidence, and thus will not be reversed by this Court. Plaintiff's objection regarding the ALJ's alleged erroneous credibility determinations is thus **OVERRULED**.

    d. **Objection 4: The Appeals Council erred in denying review when it failed to enter specific findings regarding new evidence.**

7

After the ALJ's decision, Plaintiff submitted additional evidence of his medical condition. Plaintiff contends that the Appeals Council erred because it did not adequately evaluate the new evidence or remand to the ALJ to enter specific findings about the evidence. Accordingly, Plaintiff argues that reversal is required.

Generally, a claimant is allowed to present new evidence at each stage of the administrative process. *See* 20 C.F.R. §§ 404.900(b), 416.1470(b); Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of the administrative law judge hearing decision" and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* The new evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980). If the Appeals Council merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and the Court must remand "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.*

In denying review of the ALJ's decision, the Appeals Council stated that it had considered the additional evidence but was denying review because that evidence did not provide a basis for overturning the ALJ's decision. (Doc. 8-2 at 2, 3). Plaintiff cites to the Eleventh

8

Circuit's decision in <u>Flowers v. Comm'r of Soc. Sec.</u>, 441 Fed. Appx. 735 (11th Cir. 2011), to support its argument that the Appeals Council failed to adequately evaluate the new evidence. However, in <u>Flowers</u>, the Appeals Council only acknowledged that the claimant had submitted new evidence – it never mentioned the evidence again or evaluated it in any manner. <u>Flowers</u>, 441 Fed. Appx. at 745. While Plaintiff asserts that the Appeals Council in the instant case acted in the same manner, the record establishes that the Appeals Council did in fact evaluate the evidence, but chose to deny review. (Doc. 8-2 at 2, 3). Accordingly, the Court holds that the Advisory Council's statement was adequate. <u>Ingram</u>, 496 F.3d at 1259, 1262. Plaintiff's objection with respect to the Appeal Council's denial of review is **OVERRULED**.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 15) are **OVERRULED** and United States Magistrate Judge Langstaff's January 25, 2012 Report and Recommendation (Doc. 14) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  20th  day of March 2012.

                                                  /s/ W. Louis Sands
                                                  **THE HONORABLE W. LOUIS SANDS,**
                                                  **UNITED STATES DISTRICT COURT**